# Whether Agents of the Department of Justice Office of Inspector General are "Investigative or Law Enforcement Officers" Within the Meaning of 18 U.S.C. § 2510(7)

Agents of the Department of Justice Office of Inspector General are "investigative officers" within the meaning of 18 U.S.C. § 2510(7) and as such may be authorized to apply for and conduct court-authorized electronic surveillance regarding matters within that Office's investigative jurisdiction.

May 29, 1990

LETTER OPINION FOR THE ASSOCIATE UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK

This responds to your request for our opinion as to whether agents of the Department of Justice Inspector General ("DOJ/OIG") can be considered "[i]nvestigative or law enforcement officer[s]" within the meaning of 18 U.S.C. § 2510(7).[1] We have concluded that the DOJ/OIG falls within that statutory definition.

Your request arises from an application to the Criminal Division for court-authorized electronic surveillance pursuant to title III of the Omnibus Crime Control and Safe Streets Act ("OCCSSA"), Pub. L. No. 90-351, tit. III, § 802, 82 Stat. 197, 212 (1968) (codified at 18 U.S.C. §§ 2510-2520). During the drafting of that application, you considered the question whether agents of the DOJ/OIG were authorized to act as "[i]nvestigative or law enforcement officer[s]" who are permitted by OCCSSA to listen to intercepted communications. Because the question is one of first impression and involves the intersection of the OCCSSA and the Inspector General Act, the Office of Enforcement Operations of the Criminal Division recommended that you seek our advice.

Title III of OCCSSA was intended to "provide law enforcement officials with some of the tools thought necessary to combat crime without unnecessarily infringing upon the right of individual privacy."[2] In general, the statute prohibits surveillance of wire and oral communications without the consent

---

[1] *See* Letter for William P. Barr, Assistant Attorney General, Office of Legal Counsel, from Louis J. Freeh, Associate United States Attorney, Southern District of New York (Apr. 23, 1990).

[2] *Scott v. United States*, 436 U.S. 128, 130 (1978).

of at least one party to the communication, but creates certain specific exceptions for law enforcement purposes, subject to procedural and substantive requirements.[3] Most relevantly, section 2516 provides for interception of wire, oral, or electronic communications for law enforcement purposes pursuant to a court order based upon a showing and finding of probable cause. Under subsection 2516(1), the Attorney General and certain other officers within the Department of Justice may authorize the making of an application to a federal judge for an order "authorizing . . . the interception of wire or oral  communications by the Federal Bureau of Investigation, or a Federal agency having responsibility for the investigation of the offense as to which the application is made," if the underlying offense falls within one of several categories of federal crimes enumerated in section 2516. Under section 2518, each such application for a court order must be made in writing and include such information as "the identity of the investigative or law enforcement officer making the application." If the application is approved, the identified officer may listen to the intercepted communication. *Id.* § 2518(3)-(5).[4]

Subsection 2510(7), in turn, defines "[i]nvestigative or law enforcement officer" to mean

> any officer of the United States or of a State or political subdivision thereof, who is empowered by law to conduct investigations of or to make arrests for offenses enumerated in this chapter, and any attorney authorized by law to prosecute or participate in the prosecution of such offenses.

Because the definition is phrased throughout in the disjunctive — investigative *or* law enforcement officer, empowered to conduct investigations *or* to make arrests — it seems plain that Congress intended the term "investigative officers" to be broad enough to include officials who participate in investigations but do not have arrest authority. Moreover, the only discussion in the legislative history of the term "investigative officers" indicates that the term encompasses all officers who carry out any law enforcement duties relating to offenses enumerated in section 2516:

> Paragraph (7) defines "investigative or law enforcement officer" to include any Federal, State, or local law enforcement officer empowered to make *investigations of* or to make ar-

---

[3] *See* S. Rep. No. 1097, 90th Cong., 2d Sess. 27-28 (1968).

[4] Moreover, investigative or law enforcement officers, if authorized to intercept communications, may disclose the contents of the communications to other investigative or law enforcement officers, may use those contents to the extent that such use is appropriate to the proper performance of their official duties, may in suitable circumstances give testimony concerning those contents, and may disclose and use intercepted communications relating to offenses other than those specified in the court order if the former are obtained in the course of a court-authorized interception. *Id.* § 2517(1)-(3), (5). Further, investigative or law enforcement officers specially designated by an appropriate prosecutor may intercept wire or oral communications on an emergency basis, subject to later judicial review. *Id.* § 2518(7).

rests for any of *the offenses enumerated in the proposed legis-
lation.* It would include *law enforcement personnel carrying
out law enforcement purposes.*

S. Rep. No. 1097, 90th Cong., 2d Sess. 91 (1968) (emphasis added).

Moreover, case law also interprets the term "investigative officer[s]"
broadly to include all law enforcement officials involved in the investigation
of the enumerated offenses, even if they lack the authority to make arrests.[5]
Finally, this Office has previously opined that in light of the use of "the
broad term 'investigatory' [sic]," FBI support personnel qualify as "investi-
gative officers" within the meaning of section 2510(7).[6]

We believe DOJ/OIG agents qualify as "investigative officer[s]" under
section 2510(7) as construed above, because these agents may make investi-
gations of offenses enumerated in section 2516. Each Inspector General has
the duty and responsibility to "provide policy direction for and to conduct,
supervise, and coordinate audits and investigations" relating to the programs
and operations "of [the] establishment" in which he functions. 5 U.S.C.
app. 3, § 4(a)(1).[7] An Inspector General must also "conduct, supervise, or
coordinate other activities carried out or financed by such establishment for
the purpose of . . . preventing and detecting fraud and abuse in, its programs
and operations." *Id.* § 4(a)(3). Inspector Generals also have responsibility
"with respect to (A) . . . the prevention and detection of fraud and abuse in . . .
programs and operations administered or financed by such establishment, [and]
(B) *the identification and prosecution of participants in such fraud or abuse.*"
*Id.* § 4(a)(4) (emphasis added). These responsibilities require an Inspector
General to "report expeditiously to the Attorney General whenever the In-
spector General has reasonable grounds to believe there has been a violation
of Federal criminal law." *Id.* § 4(d).[8] Thus, the Inspector General Act en-
trusts the DOJ/OIG with investigative, auditing and other responsibilities

---

[5] *See United State v. Feekes,* 879 F.2d 1562, 1565-66 (7th Cir. 1989) (prison investigator within section
2510(7)); *In re Grand Jury Proceedings,* 841 F.2d 1048, 1054 (11th Cir. 1988) (House of Representatives
Committee in impeachment proceeding against federal judge is an "investigative officer" within section
2510(7)); *United States v. Clark,* 651 F. Supp. 76, 79 (M.D. Pa. 1986), *aff'd,* 857 F.2d 1464 (3d Cir.
1988), *cert. denied,* 490 U.S. 1073 (1989) ("While prison employees may not be 'the FBI or others
normally recognized as law enforcement officers,' . . . [they] fall within the category of investigative
officers . . . ."); *Crooker v. Department of Justice,* 497 F. Supp. 500, 503 (D. Conn. 1980) (prison
officials, even though lacking arrest authority for any of the offenses enumerated in section 2516(a),
were investigators under section 2510(7)).

[6] Memorandum for William H. Webster, Director, Federal Bureau of Investigation, from Theodore B.
Olson, Assistant Attorney General, Office of Legal Counsel, *Re· Use of FBI Support Personnel to
Monitor Title III Surveillance* at 20 (Oct. 31, 1984).

[7] Although the Inspector General Act originally did not provide for an Inspector General within the
Department of Justice, a 1988 amendment to the Inspector General Act created the DOJ/OIG. *See* Pub.
L. No 100-504, 102 Stat. 2515, 2520-21 (1988).

[8] The provisions relating specifically to the DOJ/OIG state that the Inspector General "shall be under
the authority, direction, and control of the Attorney General with respect to audits or investigations, or
the issuance of subpoenas, which require access of sensitive information" concerning specified areas of
law enforcement. 5 U S C. app. 3, § 8D(a)(1).

relevant to the detection and prosecution of fraud and abuse within Justice Department programs or operations.[9]

In particular, we believe that the DOJ/OIG's investigative jurisdiction carries with it the power to investigate offenses enumerated in section 2516, should the DOJ/OIG discover evidence that Justice Department personnel, contractors or grantees are engaging in such offenses in connection with the Department's programs or operations. Among these offenses may be, for example, bribery of public officials and witnesses (18 U.S.C. § 201), influencing or injuring an officer, juror, or witness (*id.* §§ 1503, 1512, 1513), obstruction of criminal investigations (*id.* § 1510), wire fraud (*id.* § 1343), mail fraud (*id.* § 1341), and dealing in illegal drugs. *See id.* §§ 2516(1)(c), (e).

Accordingly, we conclude that DOJ/OIG agents (including special agents, auditors and investigators) are investigative officers within the meaning of 18 U.S.C. § 2510(7), and as such may be authorized by the appropriate officials within this Department to apply for and to conduct court-authorized electronic surveillance with regard to matters within the DOJ/OIG's investigative jurisdiction.

JOHN O. McGINNIS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[9] Indeed, this Office has stated that it had "no doubt that the [Labor Department] Inspector General has criminal investigative authority . . . *within the scope* of his statutorily-granted investigative authority." *Inspector General Authority to Conduct Regulatory Investigations,* 13 Op. O.L.C. 54, 58 n.7 (1989).